Opinion of the court by
Mr. Justice Trotter :
The defendant recovered a judgment in the court beloAV against John G. Hastings,-for the sum of seven hundred and sixty-one dollars and ninety-four cents. He then applied for and obtained a garnishment against the plaintiffs in error on á suggestion that they Avere indebted to Hastings, according to the provisions of the *596 act of 1827. Upon the return of the process, H. 0. Anderson, one of the firm of H. & H. 0. Anderson, who were merchants and partners, answered, and stated an indebtedness of his firm to Hastings, in the sum of seven thousand five hundred and eleven dollars and sixty cents, which existed by virtue of three notes, two of which would be due the 20th of January, 1840, and the other on the 20th of February, 1840. Upon this answer the court rendered judgment against the garnishees for the amount of the judgment which Wanzer, the defendant in error, had recovered against Hastings, and ordered execution to be stayed until January, 1840.
Two errors have been assigned : 1. That the court rendered final judgment against both the garnishees upon the answer of one only. 2. In rendering the judgment without a stay of the execution until the maturity of the debt, it not being then due.
We do not think that either of these objections is sufficient to reverse the judgment. The garnishees being partners, the answer or admission of one was sufficient to bind the other. H. 0. Anderson, as the record shows, answered for himself and partner. They had both been regularly served with the process, and as the purpose of the garnishment was to ascertain whether they were indebted to Hastings, that object was surely as. well obtained by the admission of the fact by one partner as by both. It will not be denied, that in an ordinary suit, against partners, to recover a partnership debt, an acknowledgment of the debt by one of the partners will be received as evidence to bind both, and justify a verdict and judgment against both. This is a principle of the law of partnership too familiar to need authorities to support it. Nor can it be an objection to the judgment, that it is not accompanied by an order of the court to stay execution of it until the maturity of the debt. It is stayed by operation of the statute, until the debt is due. And if it is sued out before that time, it may be arrested, on motion or supercedeas. The act of 1827 does not require the stay of execution to be made a part of the judgment. After authorizing the court to render judgment against the garnishee, the ptatute adds, «but execution shall be stayed, &c. until such garnishee’s debt shall become due,” &c.
The judgment must be affirmed.